Steven **KALSKI,** Plaintiff–Appellant,

v.

**CALIFORNIA ASSOCIATION OF PROFESSIONAL EMPLOYEES, a California non-profit corporation; et al., Defendants–Appellees.**

No. 99–56716.

D.C. No. CV–99–00306–SVW.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 28, 2001.

* The panel unanimously finds this case suitable for decision without oral argument, and denies Kalski's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD Circuit Judges.

## MEMORANDUM **

Steven Kalski appeals pro se the district court's judgment in favor of defendants in Kalski's action alleging employment discrimination under Title VII, 42 U.S.C. § 2000–e, civil rights violations under 42 U.S.C. § 1983, and various state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc), and we review de novo a dismissal for failure to state a claim, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.1997).

■ Because Kalski declined the opportunity to amend his complaint, *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (indicating that plaintiff may elect to stand on his original complaint), and because Kalski failed to allege facts to support his allegations, *see Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir.1998) (order), the district court properly dismissed his claims alleging violations of the Seventh Amendment, Contract Clause, and Due Process Clause. For the same reasons, the district court properly dismissed Kalski's claims alleging fraud, harassment, and defamation. *See Barren*, 152 F.3d at 1194–95; *WMX Techns., Inc.*, 104 F.3d at 1136.

■ Because Kalski declined the opportunity to amend his complaint, *see WMX Techns., Inc.*, 104 F.3d at 1136, and because the district court's decision not to hear state law claims bearing no meaningful relationship to surviving federal claims is well within its discretion, *see Executive Software v. U.S. District Court*, 24 F.3d 1545, 1557 (9th Cir.1994), the district court did not abuse its discretion by not exercising supplemental jurisdiction over Kalski's claims alleging violations of the Meyers–Milias Brown Act, the California Labor Code, the California Code of Civil Procedure, and Kalski's claims alleging constructive fraud and breach of contract.

■ Summary judgment was proper for Kalski's discrimination and retaliation claims because Kalski failed to provide sufficient evidence of pretext. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890–91 (9th Cir.1994) (indicating that when evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a prima facie case).

■ Furthermore, because Kalski's claim for intentional infliction of emotional distress is precluded by the exclusivity provision of the Worker's Compensation Act, the district court properly granted summary judgment on this claim. *See Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 233 Cal.Rptr. 308, 729 P.2d 743, 744 (Cal.1987).

■ Because the record supports the district court's determination that some of Kalski's claims are frivolous, we affirm the district court's grant of defendants' motion for attorney's fees. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The district court did not abuse its discretion by denying Kalski's motion for reconsideration of the attorney's fees award because Kalski did not show clear error or present new evidence. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

■ Because defendants' motion for attorney's fees was not frivolous, the district court did not abuse its discretion by deny-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ing Kalski's request for Rule 11 sanctions. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362–63 (9th Cir. 1991) (en banc).

We deny appellees' request for sanctions and attorney's fees on appeal.

AFFIRMED.